Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 9129 | **DATE** | 2/7/2003 |
| **CASE TITLE** | United States of America vs. Llwellyn Greene-Thapedi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due ___ . Reply to answer brief due ___ ___.
(4) ☐ Ruling/Hearing on ___ ___ set for ___ ___ at ___ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___ ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___ ___.
(7) ☐ Trial[set for/re-set for] on ___ ___ at ___ ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___ ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we find that issues of material fact are present, which preclude summary judgment in either party's favor. This case is set for status on 2/27/2003 @ 10:00 a.m. Plaintiff's and defendant's motion for summary judgment [6-1], [9-1] are denied.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 11 2003 | 26 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 9129 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| LLWELLYN GREENE-THAPEDI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on cross motions for summary judgment filed by the defendant, Llwellyn Greene-Thapedi, and the plaintiff, the United States of America, pursuant to Federal Rule of Civil Procedure 56. For the following reasons, both motions are denied.

## BACKGROUND

This suit was filed by the United States of America because it claims that the defendant refuses to repay an erroneous refund in the amount of $17,028.05 sent by the Internal Revenue Service (IRS) to the defendant. The defendant was sent a notice from the IRS dated November 15, 1999, stating that she needed to pay an additional $11,412.39 in income taxes. On Friday, November 26, 1999, the IRS Center in Austin, Texas, issued and sent the defendant, at her home address in Chicago, Illinois, a refund check in the amount of $17,028.05. The defendant claims that she received the check one day later, November 27, 1999. The plaintiff, however, argues that the defendant received the check no earlier than Monday, November 29, 1999. The IRS then sent

defendant a letter dated November 29, 1999, informing her that she was entitled to a refund of $16,355.12.

The defendant alleges that on December 3, 1999, she telephoned the IRS to clarify its inconsistencies. She claims that she spoke with IRS agent Kathleen Mulhollan and requested a transcript be sent indicating the status of her account. The defendant received a transcript of her account, dated December 3 1999, and signed by IRS agent Pamela M. Barry. It indicated that on November 29, 1999, there was a $17,028.05 refund to her for a past overpayment. The defendant claims that she then called the IRS to verify that the transcript was correct. She claims that she received confirmation from agent Mulhollan that it was correct. The defendant deposited the check into her account on December 17, 1999. It cleared the Federal Reserve Bank on December 21, 1999.

The IRS claims that it first sent the defendant a demand for repayment of what it believed to be an erroneous refund on March 13, 2000. The defendant has not returned the money. The plaintiff filed this lawsuit on November 28, 2001, to recover what it believes to be an erroneous refund. On the basis of the information she has received from the IRS, the defendant denies that the refund was erroneous.

## DISCUSSION

The court will grant summary judgment when "the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c). The court will not render summary judgment if a reasonable jury could return a verdict for the nonmoving party. Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere possibility of a factual dispute is not enough to a defeat summary judgment motion. Id. at 250; Waidridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

The government's right to recover funds from a person who received them by mistake and has no right to them is not barred unless Congress has "clearly manifested its intention to raise a statutory barrier." U.S. v. Wurts, 303 U.S. 414, 416 (1938). Under 26 U.S.C. § 6532 (b), Congress has determined that the government has two (2) years after an erroneous refund is made to recover it by lawsuit. Id. at 417. The two-year period begins on the date of payment. Id. at 418. However, what constitutes the date of payment is often in dispute.

The Supreme Court has determined that the date the check is received is the binding payment date rather than the date the check is mailed. O'Gilvie v. U.S., 519 U.S. 79, 91-2 (1996). Finally, ambiguous statutes of limitation are construed strictly in favor of the government. Badaracco v. Commissioner, 464 U.S. 386, 391 (1984).

This Court denies both motions for summary judgment because there are issues of material fact that exist. First, there is a disagreement about when the defendant received the check. Defendant claims that she received the check on November 27, 1999. The

government, however, claims that the defendant did not receive the check until November 29, 1999. The government's suit would be untimely if the defendant received the check on November 27, 1999, because the government's November 28, 2001, filing date of this law suit would be one day too late. Of course, if the defendant did not receive the check until November 29, 1999, the government's suit is timely.

Second, there is a disagreement about whether the refund was in fact erroneous, as the defendant claims that she has insufficient information to determine whether the refund was accurate. Therefore, summary judgment cannot be granted in favor of either party.

## CONCLUSION

For the foregoing reasons, we find that issues of material fact are present, which preclude summary judgment in either party's favor. This case is set for status on February 27, 2003, at 10:00 a.m.. Plaintiff's and Defendant's motions for summary judgment (6-1), (9-1) are denied.

Wayne R. Andersen
United States District Judge

Dated: February 7, 2003