Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 9129 | **DATE** | 9/3/2003 |
| **CASE TITLE** | United States of America vs. Llwellyn Greene-Thapedi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: After holding a bench trial and considering all of the evidence presented, we rule as follows: The government filed its lawsuit within the two year statute of limitations period and, thus, its suit is timely. The government has proven that a refund made to the taxpayer by check dated 11/26/1999 is an erroneous refund, subject to recovery by the United States pursuant to 26 U.S.C. Section 7405(b). For these reasons, judgment in the amount of $15,784.48 plus interest is hereby entered in favor of the government and against the taxpayer. All other pending motions are deemed moot by this order [13-1], [16-1], [17-1], [21-1]. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 9 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 SEP -8 PM 4:15 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01 C 9129 |
| | ) |
| LLWELLYN GREENE-THAPEDI, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

In this action, the United States (the "government") has sued to recover what it contends was an erroneous refund it made to the defendant Llwellyn Greene-Thapedi (the "taxpayer") when the Internal Revenue Service (IRS) directed the U.S. Treasury to issue a refund check dated November 26, 1999 in the amount of $17,028.05 to the taxpayer. Perhaps because the calculations were so confusing, the taxpayer denies that the refund was erroneous, but has offered no evidence to support the propriety of the refund to her. Her denial puts the government to the task of proving that the refund was erroneous. The taxpayer also contends that she should prevail in this action because the government failed to file this action within the two year period allowed by the appropriate statute of limitations after the refund was made.

The government does not contend that the taxpayer filed erroneous tax returns, tried to avoid paying taxes, or acted in bad faith when she deposited the refund check. Indeed, the IRS bases its calculations on the figures in the taxpayer's returns, and this Court has concluded that the taxpayer did act in good faith.

The Court conducted a bench trial on May 7, and May 9, 2003. What follows is the Court's findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a). For the reasons set forth below, the government is entitled to a judgment against defendant taxpayer in the amount of $ 15,784.48.

## FACTS

The following facts are taken from the witness' testimony and the exhibits introduced at the bench trial.

On May 10 and May 13, 1999 the taxpayer belatedly filed two identical Individual Income Tax Returns for the tax year 1996. (Neither party contends that the fact of a duplicate filing led to the mistaken refund.) In the 1996 return, the taxpayer correctly declared that $21,785 had been withheld and that her tax liability for the year was $10,250, thus resulting in an overpayment of $11,535 to the IRS. The taxpayer directed on the return that this overpayment be applied to pay her 1997 taxes. Because the entire 1996 tax liability was paid on time through the withholding payments, no interest or penalties were due for 1996 even though the return was filed late.

On May 11, 1999 the taxpayer also filed belatedly two identical Individual Income Tax Returns for the year 1997. (Neither party contends that the filing of two 1997 returns led to the mistaken refund.) The 1997 return showed a total tax of $52,096. When this return was filed, the IRS computer added an estimated tax penalty of $1,476.86, a late filing penalty of $6,723.67, a failure to pay tax penalty of $2,091.81 and interest of $3,474.46. Because the taxpayer withholding for 1997 was only $22,213, a substantial balance had to be paid. This

was partially accomplished by the amount of $13,772 paid on April 15, 1998 (on time), with a request for extension (Form 4868).

On or about August 1, 1999 the taxpayer filed her 1998 return which showed withholding of $25,153 and a total tax of $12,180, thus resulting in an overpayment of $12,973. This overpayment was applied by the IRS to the balance due on the 1997 taxes and caused a partial abatement (reduction) of the interest and penalties assessed for 1997. Despite the application of the 1998 over-payment to the balance due on the 1997 taxes and the concurrent partial abatements, the IRS still believed, in August of 1999, that the taxpayer had a 1997 balance due.

This belief was more than dispelled when the IRS subsequently processed the taxpayer's 1996 return in November of 1999. The $11,535 overpayment was applied to the 1997 balance due and, because the overpayment had been made possible by withholding taxes paid before April 15, 1998, a further abatement of interest and penalties was applied by the IRS. The upshot was a refund payment of $752.59 (including $24.02 of interest) by the government to the taxpayer. Neither party disputes the accuracy of this payment or the calculations which resulted in this payment. Had this been the government's final action with respect to the taxpayer's 1997 taxes, this lawsuit would never have been filed. But it was not.

About one week later, for reasons unknown, the IRS applied the $11,535 1996 over-payment to the 1997 taxes again. When it was processed by the computer, the computer had already authorized the $752.59 payment, so the $11,535, when reapplied, generated a refund of that $11,535, plus further abatements of interest and penalties. On about November 21, 1999 the IRS directed the U.S. Treasury to make a $17,028.05 payment to the taxpayer.

Because this entire sum was derived from the second application of the $11,535 overpayment in 1996, the payment should not have been made. Indeed, the taxpayer testified that she had been surprised to receive the check and that she sought and received telephone confirmation from the IRS that it was hers. Because of the delay in getting this information, she waited several weeks to deposit the check. Ultimately this error was discovered and, after recalculations that remain somewhat of a mystery to the Court, the government is claiming that it is due $15,784.48.

Relevant perhaps to the statute of limitations issue is the controversy surrounding the actual mailing of the US Treasury check. The taxpayer contends that she received the check on Saturday, November 27, 1999. This Court believes her testimony. She has a credible, vivid memory of 1999 Thanksgiving Day events culminating in the surprise receipt of the check on the Saturday after Thanksgiving. The government counters with evidence that all Treasury checks ordered by the IRS are delivered to the Postal Service in Austin, Texas on Fridays and with Postal Service testimony that checks delivered to it in Austin, Texas cannot possibly be delivered to Chicago's South Side (where the taxpayer lived) by Saturday. Unfortunately, however, the government records that assert the checks were delivered to the Postal Service on Friday the 26th are simply not credible. Those same records assert that the checks were put in envelopes on the 29th, three days <u>after</u> the records claim they were mailed, an impossibility which undermines the reliability of the records. Hence this Court concludes that the taxpayer's memory of receiving the check on Saturday, November 27th is correct. (The Court's suspicion is that the IRS staff in Austin processed the checks <u>before</u> Thanksgiving and delivered them to the Post Office early, knowing that they could not arrive

4

and be cashed before Friday the 26th, the date on the checks. Because that process was abnormal, the follow-up paperwork, showing delivery to the Post Office on the 27th and envelope stuffing on the 29th was subsequently completed and misdated.)

## LEGAL ANALYSIS

When the government erroneously refunds an amount of tax to a taxpayer, and the taxpayer refuses to repay the funds, the government can reclaim the amount by bringing an erroneous refund suit under § 7405(b) of the Internal Revenue Code ("I.R.C." or "Code"). Section 6532(b) provides that the suit must commence "within 2 years after the making of such refund." Generally, to prevail in a suit brought under § 7405, the government must establish that: 1) a refund was made; 2) the refund was erroneous; and 3) the suit to recover the refund is timely. *United States v. Commercial National Bank of Peoria*, 874 F.2d 1165, 1169 (7th Cir. 1989). In this case, the fact that a refund was made is not in dispute. Thus, we will analyze the evidence presented during the bench trial to determine whether the refund was erroneous and whether the suit is timely.

I. The Refund Suit Was Timely Filed

The statute of limitations for filing a lawsuit pursuant to 26 U.S.C. § 7405 is two years. *U.S. v. Wurts*, 303 U.S. 414, 416 (1938); *O'Bryant v. United States*, 49 F.3d 340 (7th Cir. 1995). The controlling statute, 26 U.S.C. § 6532(b), provides that the recovery of the refund "shall only be allowed if such suit is begun within 2 years after the making of such refund." Thus, a determination of the timeliness of an erroneous refund suit requires construction of the phrase "making of such refund" in the applicable statute, 26 U.S.C §

6532(b). What constitutes the "making of such refund" is in dispute in this case, as it has been in many cases.

While this issue has not been addressed by the Court of Appeals for the Seventh Circuit, other courts have addressed the issue of the timeliness of an erroneous refund in a variety of contexts. Some courts have interpreted the language of the statute "making of such refund" to mean the date the refund check was received by the taxpayer. *See, e.g., O'Gilvie v. United States*, 519 U.S. 79, 91-92 (1996). Others have noted that the statute of limitations begins to run on the date the refund is paid. *See, e.g., United States v. Wurts*, 303 U.S. 414, 418 (1938).

In analyzing this situation, we have found that there are five possible dates which could constitute the "making of such refund" and, hence, five possible dates on which the statute of limitations may begin to run:

1. The date on the refund check;

2. The date the refund check was mailed;

3. The date the refund check is received by the taxpayer;

4. The date the refund check is deposited in the taxpayer's bank account; and

5. The date the check is honored by the Treasury, i.e. the date the check clears the Federal Reserve Bank.

We hold that the statute of limitations in an erroneous refund suit begins to run on the date the check clears the Federal Reserve Bank. In reaching this decision, we are following the reasoning enunciated in *United States v. Commonwealth Energy System*, 235 F.3d 11, 14 (1st Cir. 2000). In *Commonwealth Energy*, the First Circuit looked to the Supreme Court's

opinion in a 1938 refund suit, *United States v. Wurts*, 303 U.S. 414 (1938). In that case, the Supreme Court noted that the Commissioner could still stop payment of the check after it is mailed to the taxpayer and could do so until the Treasury authorized payment. The *Commonwealth Energy* Court equated the statute of limitations date with the date payment could no longer be stopped, namely, the date on which the check clears the Federal Reserve Bank. *Id.* at 14.

We believe this to be the best date on which to begin the running of the statute of limitations because it is a date certain, a date which can be readily ascertained. The date the check clears the Federal Reserve Bank is a more certain reference point than the date when the check was mailed, or the date the taxpayer received the check in the mail, both of which can be easily disputed.

The facts of the case before us certainly illustrate this principle. In our case, both the precise date the check was mailed and the date it was received by the taxpayer are contested, but we can ascertain with certainty the date the check cleared the Federal Reserve Bank, namely December 21, 1999. Therefore, we believe that using the date the refund check clears the Federal Reserve Bank as the date on which the statute of limitations begins to run will result in more certainty in the law.

For these reasons, we hold that an erroneous refund suit, brought pursuant to 26 U.S.C. 6532(b), must be filed within two years from the date of payment by the U.S. Treasury, that is the date the check clears the Federal Reserve Bank. In this case, the check cleared the Federal Reserve Bank on December 21, 1999. Because this lawsuit was filed on November 28, 2001, within two years, we find that it has been timely filed.

## II. The Refund Was Erroneous

The trial testimony and the exhibits received into evidence reveal that the refund was erroneous because the overpayment of $11,535 for 1996, which the taxpayer asked to be credited to her 1997 tax liability, was actually credited twice. There is no other credible explanation - indeed no other explanation at all - for the issuance of the $17,028.05 check dated November 26, 1999. Apparently, an initial computer credit and a second computer credit after a manual data input was the reason for the double refund. The refund amounts do not equal the $11,535 overpayment because the Internal Revenue Service abated, each time, penalties and interest and then added interest owed by it. This mistake was not discovered by the Internal Revenue Service until February of 2000 when a routine audit was done -- hence the mistaken responses of the Internal Revenue Service representatives to the taxpayer when she called immediately after receiving the check.

The government seeks judgment in the amount of $15,784.48, an amount less than the check for $17,028.05. Counsel for the government was questioned about this discrepancy at trial, but the calculations she produced, accounting for this lesser sum were, frankly, incomprehensible to the Court. Nevertheless, the Internal Revenue Service insists that this lesser sum, the $15,784.48 plus interest, is the amount due. The taxpayer has not argued that the full $17,025.05 should be repaid. This Court will, therefore, enter judgment for the Plaintiff against the Defendant in the amount of $15,784.48 plus interest which shall begin to accrue from December 21, 1999, the date the check cleared the Federal Reserve Bank.[1]

---

[1] Under 26 U.S.C. §6602, any tax amount "which has been erroneously refunded, and which is recoverable by suit ..." bears interest "from the date of the payment of the refund."

8

## CONCLUSION

After holding a bench trial and considering all of the evidence presented, we rule as follows:

1. The government filed its lawsuit within the two year statute of limitations period and, thus, its suit is timely;

2. The government has proven that a refund made to the taxpayer by check dated November 26, 1999 is an erroneous refund, subject to recovery by the United States pursuant to 26 U.S.C. § 7405(b).

For these reasons, judgment in the amount of $ 15,784.48 plus interest is hereby entered in favor of the government and against the taxpayer. All other pending motions ( ## 13-1, 16-1, 17-1, 21-1) are deemed moot by this Order.

It is so ordered.

_Wayne C. Andersen_
Wayne R. Andersen
United States District Judge

Dated: _September 3, 2003_